IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENNY T. SOUTHARD, # S-00819, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 17-cv-839-SMY |
| WEXFORD MEDICAL, DR. SHAW, ILLINOIS DEPT. of CORRECTIONS, and PINCKNEYVILLE CORRECTIONAL CENTER, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Benny Southard, currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He claims that the defendants were deliberately indifferent to his serious medical condition. The Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d

1

1025, 1026-27 (7th Cir. 2000).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that Plaintiff's claims against some defendants survive threshold review under § 1915A.

## The Complaint

In August 2015, during a previous incarceration (which also appears to have been at Pinckneyville), Plaintiff was seriously injured in an attack by another inmate. (Doc. 1, p. 7). Plaintiff's nose and face were badly broken. He was held in segregation for 3 days with no treatment while the matter was investigated, and was then taken out of segregation with no

2

disciplinary action against him. Plaintiff asserts that because his release date was so close at that time, the medical department did nothing to treat him. Plaintiff wrote to the warden, who came to see him in his cell and was shocked by the condition of his face. The warden took him to medical, where a doctor employed by Wexford Medical put in a request for Plaintiff to be seen by an outside specialist. (Doc. 1, p. 7). However, the Wexford Medical Board denied this request 3 times.

Pinckneyville and Wexford ignored all of Plaintiff's requests and grievances seeking medical care. (Doc. 1, p. 7). On September 17, 2015, Plaintiff was released from prison, without receiving any medical treatment.

After his release, Plaintiff sought medical treatment on his own and underwent plastic surgery to begin to repair the damage to his face. (Doc. 1, p. 8). Plaintiff claims that he had to wait over 6 months to allow his face to heal before surgery could be performed because of Wexford's failure to give him any care at Pinckneyville. The surgery involved taking cartilage from Plaintiff's ribs to repair his face so he could breathe. Further surgery was planned but had not been performed.

In 2017, Plaintiff went back to prison and was housed at Pinckneyville. Once again, Pinckneyville officials refused to answer Plaintiff's grievances. He believes that they are engaging in the same stall tactics as before in order to put off taking any action before Plaintiff's upcoming release date of November 10, 2017. (Doc. 1, p. 8).

Plaintiff has nerve damage in his face because of Wexford's refusal to send him to an outside hospital or specialist. The Wexford Board denied those referral requests 3 times, even after the warden "got on Dr. Shaw, who put [Plaintiff] in to see [a] specialist one month later." (Doc. 1, p. 8).

3

Plaintiff seeks monetary damages for the violation of his rights, medical malpractice, pain and suffering and for the defendants to pay for his future surgeries. (Doc. 1, p. 9).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Eighth Amendment claim against Wexford Medical, for deliberate indifference to Plaintiff's need for treatment and specialist care for his injured face and nose;
>
> **Count 2:** Eighth Amendment claim against Dr. Shaw, for deliberate indifference to Plaintiff's need for treatment and specialist care for his injured face and nose;
>
> **Count 3:** Eighth Amendment claim against the Illinois Department of Corrections and Pinckneyville Correctional Center, for deliberate indifference to Plaintiff's need for treatment and specialist care for his injured face and nose;
>
> **Count 4:** State law claim for medical malpractice against Dr. Shaw and Wexford Medical, for delaying treatment and failing to treat Plaintiff's injured face and nose.

Counts 1 and 2 shall proceed for further review. Counts 3 and 4 fail to state a claim upon which relief may be granted and shall be dismissed.

## Count 1 – Deliberate Indifference – Wexford

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. An objectively serious condition includes an ailment that significantly affects an individual's daily

activities or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). However, the Eighth Amendment does not give inmates entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Here, Plaintiff's facial injuries were severe and clearly required medical attention. The Complaint thus satisfies the objective component of an Eighth Amendment claim. The remaining question is whether Plaintiff's medical providers acted or failed to act with deliberate indifference to a known risk of serious harm.

Defendant Wexford Medical, ("Wexford") is a corporation that employs Dr. Shaw and provides medical care at the prison, but it cannot be held liable solely on that basis. A corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983

action). Plaintiff has alleged that the "Wexford Medical Board," acting on behalf of the corporation, denied Dr. Shaw's request/recommendation that Plaintiff should be referred to an outside specialist to assess and/or treat his serious facial injuries in August 2015. At this stage of the case, that decision satisfies the requirement that Wexford's official policy or practice in reviewing requests for outside medical referrals caused the denial of care for Plaintiff's condition. Therefore, the deliberate indifference claim against Wexford in **Count 1** survives review under § 1915A.

### Count 2 – Deliberate Indifference – Shaw

Plaintiff says little about Dr. Shaw in the Complaint. Dr. Shaw did request authorization from Wexford to refer Plaintiff to an outside specialist, which Wexford then denied. However, Plaintiff alleges that Dr. Shaw only took this action at the urging of the warden, and did so "a month later." (Doc. 1, p. 8). Although the Complaint is not entirely clear on this point, the Court understands Plaintiff to mean that Shaw's referral request was made a month after Plaintiff suffered the injury. The Court finds that the one-month delay is of sufficient concern to support a claim for deliberate indifference against Dr. Shaw. Accordingly, **Count 2** shall also proceed for further consideration.

### Dismissal of Count 3 – IDOC and Pinckneyville

Plaintiff cannot maintain a suit for damages against the Illinois Department of Corrections because it is a state government agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of

Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same). Likewise, the Pinckneyville Correctional Center, which is a division of the Illinois Department of Corrections, is not a "person" within the meaning of the Civil Rights Act, and is not subject to a § 1983 suit. *See Will*, 491 U.S. at 71. For these reasons, the Pinckneyville Correctional Center and the Illinois Department of Corrections will be dismissed from this action with prejudice, and **Count 3** will likewise be dismissed.

### Dismissal of Count 4 – Medical Malpractice

Plaintiff also attempts to assert a state law claim for "medical malpractice," presumably against Dr. Shaw and Wexford, based on the same facts outlined in the Complaint. Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)). While this Court has supplemental jurisdiction over this state-law claim pursuant to 28 U.S.C. § 1367, this is not the end of the matter.

Under Illinois law, a Plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the Complaint, declaring one of the following: 1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is

reasonable and meritorious (and the written report must be attached to the affidavit); 2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or 3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. §5/2-622(a) (West 2013).[1] A separate affidavit and report shall be filed as to each defendant. *See* 735 ILL. COMP. STAT. §5/2-622(b).

Failure to file the above-referenced certificate is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614. "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, Case No. 06-cv-651-MJR, 2007 WL 1655799, at *4-5 (S.D. Ill. June 5, 2007).

In the instant case, Plaintiff has failed to file the necessary affidavits or reports. Therefore, the medical malpractice claim in **Count 4** shall be dismissed. However, the dismissal

---

[1] The August 25, 2005, amendments to a prior version of this statute were held to be unconstitutional in 2010. *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010) (Holding P.A. 94-677 to be unconstitutional in its entirety). After *Lebron*, the previous version of the statute continued in effect. *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010). The Illinois legislature re-enacted and amended 735 ILL. COMP. STAT. §5/2-622 effective January 18, 2013 (P.A. 97-1145), to remove any question as to the validity of this section. *See* notes on Validity of 735 ILL. COMP. STAT. §5/2-622 (West 2013).

will be without prejudice and Plaintiff will be allowed 35 days to file the required affidavit(s), if he desires to seek reinstatement of this claim. The certificate(s) of merit must also be filed, in accordance with the applicable section of §5/2-622(a). Should Plaintiff fail to timely file the required affidavits/certificates, the dismissal of **Count 4** may become a dismissal **with prejudice.** *See* FED. R. CIV. P. 41(b).

### Disposition

**COUNT 3** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. **COUNT 4** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Defendants **ILLINOIS DEPARTMENT of CORRECTIONS** and **PINCKNEYVILLE CORRECTIONAL CENTER** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to move the Court to reinstate the medical malpractice/negligence claim(s) in **COUNT 4** against Defendants **SHAW** and/or **WEXFORD**, Plaintiff shall file the required affidavit(s) pursuant to 735 ILL. COMP. STAT. §5/2-622, within 35 days of the date of this order (on or before December 11, 2017). Further, Plaintiff shall timely file the required written report(s)/certificate(s) of merit from a qualified health professional, in compliance with §5/2-622. Should Plaintiff fail to timely file the required affidavits or reports, the dismissal of **COUNT 4** may become a dismissal **with prejudice**.

The Clerk of Court shall prepare for Defendants **WEXFORD MEDICAL** and **SHAW**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons

(Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Reona J. Daly** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Daly for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7**

**days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 6, 2017**

s/ STACI M. YANDLE
United States District Judge