IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENNY T. SOUTHARD, | |
| Plaintiff, | |
| v. | Case No. 3:17-cv-00839-JPG-RJD |
| WEXFORD MEDICAL and DR. SHAW, | |
| Defendants. | |

## **MEMORANDUM AND ORDER**

Benny Southard—a prisoner in the custody of the state of Illinois—badly broke his nose during a fight with another inmate. He then wanted the prison medical team—run by Wexford Health Sources, Inc.—to fix the nose, specifically because the injury was making it difficult for him to breathe properly. But Wexford's policies prevented the appropriate treatment: they continually denied Southard's treating physician's medical requests, causing that physician to appeal Wexford's decisions as far up the ladder as he could take it—which took about 45 days. But at that point Southard was released from prison, so he obtained treatment from a private physician. Southard then sued both Wexford and his treating physician at the prison—Dr. Shaw—for being deliberately indifferent to his medical needs in violation of the Eighth Amendment. (*See generally* ECF No. 1; ECF No. 84, pp. 1–6.)

The defendants have now moved for summary judgment, and Magistrate Judge Reona J. Daly has issued a Report and Recommendations ("Report") on the matter. (ECF No. 84.) The Court may accept, reject, or modify—in whole or in part—the findings or recommendations of the Magistrate Judge in her Report. FED. R. CIV. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v.*

*Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Here, Magistrate Judge Daly has recommended that both defendants proceed to trial, and the defendants have accordingly objected. (ECF No. 87.) That triggered a *de novo* review from this Court on whether either defendant was deliberately indifferent. As Magistrate Judge Daly has already thoroughly explained, the Eighth Amendment questions here are (1) did Dr. Shaw doggedly persist in a treatment that he knew was ineffective, *Greeno v. Anderson*, 414 F.3d 645, 655 (7th Cir. 2005); and (2) did Wexford have a policy, custom, or practice that amounted to deliberate indifference to Southard's serious medical needs. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014); *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). (ECF No. 84, pp. 7–11.)

The facts here show that there may be a genuine issue of material fact as to whether Wexford had a policy of deliberate indifference—specifically their Utilization Management Procedures and collegial review process, exactly as Magistrate Judge Daly has already explained (ECF No. 84, pp. 10–11)—but the Court cannot find that Dr. Shaw was also deliberately indifferent. Instead, the facts show that Dr. Shaw was Southard's strongest advocate. He consistently appealed Wexford's treatment decisions regarding Southard higher up the chain-of-command, until Southard eventually left the custody of the state of Illinois. (ECF No. 84, pp. 4–6.) Unless Southard expected Dr. Shaw to subvert Wexford (which would likely have led to Shaw's termination), there is little more that he could have realistically done in his proper medical judgment. The Court will accordingly modify that part of Magistrate Judge Daly's Report—but that is all. Everything else is adopted in its entirety.

## CONCLUSION

For the foregoing reasons, the Court:

- **ADOPTS IN PART** and **REJECTS IN PART** the Report (ECF No. 84), as now modified by this order;

- **GRANTS IN PART** and **DENIES IN PART** the defendants' motion for summary judgment (ECF No. 77); and

- **DIRECTS** the Clerk of Court to enter judgment in favor of defendant Dr. Shaw at the conclusion of this case.

**IT IS SO ORDERED.**

**DATED: JULY 24, 2019**

                                                 s/ *J. Phil Gilbert*
                                                 **J. PHIL GILBERT**
                                                 **U.S. DISTRICT JUDGE**